UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY HENDRIX,<br><br>   Petitioner,<br><br>  v.<br><br>DAVID O. LIVINGSTON,<br><br>   Respondent. | Case No. 20-cv-4365-SVK<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 1 |

Petitioner, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] *See* Dkt. No. 1 ("Petition"). For the reasons stated below, respondent is ordered to show cause why the petition should not be granted.

**DISCUSSION**

A. Background

The Supreme Court of California for the County of Contra Costa sentenced petitioner to fourteen years imprisonment for violation of California Penal Code §§ 245(d)(1), 417(c), and 12022.53(b). *See* Pet. at 1-2. Petitioner was in custody at the time the Petition was filed, *see id.*, but was released from custody on June 26, 2020, *see* Dkt. No. 7.

The California Supreme Court denied petitioner's request for direct review on October 10, 2018. *See* Pet. at 3 (stating the California Supreme Court denied direct review in 2018); *see also People v. Hendrix*, No. S250507 (Cal. S. Ct. Oct. 10, 2018) (denying petition for review). Petitioner subsequently filed a state habeas petition in the First District Court of Appeal for the State of California on March 12, 2020, which was denied on March 27, 2020, and which denial the California Supreme Court refused to review on May 13, 2020. *See In re Tony Hendrix on Habeas*

---

[1] Petitioner has consented to magistrate judge jurisdiction. Dkt. No. 9.

*Corpus*, No. A159807 (Cal. Ct. App.); *In re Tony Hendrix*, No. S261615 (Cal.)..[2]

Petitioner filed the instant federal habeas action no earlier than May 25, 2020. *See* Pet. at 6 (dating the Petition May 25, 2020).

B.   Standard of review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

C.   Petitioner's claims

The Petition raises at least three claims (collectively, "Express Claims"):

(1) petitioner is actually innocent of the crimes of which he was convicted, *see* Pet. at 6, 7;

(2) petitioner received ineffective assistance of trial counsel, *see id*. at 6, 8; and

(3) the trial court erred with respect to the public's access to the courtroom during petitioner's criminal trial, *see id*. at 6, 9.

In addition, the Petition refers to violations of petitioner's rights under the Fourth and Fifth Amendments, *see id*. at 7, 8; states that the First Amendment was violated, *see id*. at 10; states that the trial court prevented trial counsel from presenting defense evidence, *see id*.; and refers to defective performance by petitioner's appellate counsel, *see id*. at 11 (collectively, "Implied Claims"). It is unclear whether petitioner intends to bring only the Express Claims, or whether he also seeks relief on the Implied Claims.

It appears that petitioner may not have exhausted his claims prior to filing the instant federal habeas action. *See* Pet. at 3 (stating that the grounds of petitioner's direct appeal were not

---

[2] The Court takes judicial notice of the docket. Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). *See also Doe v. SuccessfulMatch.com*, 70 F. Supp. 3d 1066, 1073 n.2 (N.D. Cal. 2014) (same).

the same as the grounds raised in the Petition); *see also id*. at 6 (suggesting that at least petitioner's third Express Claim is unexhausted). However, because petitioner only stated that the claims identified in his Petition were not all raised in his direct appeal, *see id*. at 3, and it appears that petitioner also pursued state habeas relief (which was not discussed in the Petition), it is not clear from the record that petitioner failed to exhaust.

It appears that the Petition is untimely by at least two months. *See* 28 U.S.C. § 2244(d) (explaining the one-year statute of limitations for filing habeas actions). A court may not dismiss a habeas petition as untimely without giving the petitioner fair notice and an opportunity to present his or her position. *See Day v. McDonough,* 547 U.S. 198, 210 (2006); *accord Herbst v. Cook,* 260 F.3d 1039, 1041, 1043 (9th Cir.2001) (district court may raise sua sponte the issue of whether a habeas petition is time-barred under 28 U.S.C. § 2244(d), but the court may not dismiss the petition as untimely without providing the petitioner with notice and an opportunity to respond).

Accordingly, respondent is ordered to respond to the Petition. **Respondent is directed to consider first if the Petition is untimely.** If respondent concludes that the Petition is in fact untimely, he may file a motion to dismiss on such grounds, though he is not required to do so.

## CONCLUSION

1. The Clerk shall serve by mail a copy of this order, the Petition and all attachments thereto, and a magistrate judge consent form upon the respondent and the respondent's attorney, the Attorney General of California. The Clerk shall also serve a copy of this order on the petitioner. Respondent shall file his Magistrate Judge jurisdiction consent form no later than **thirty (30) days** from the filing date of this order.

2. Respondent shall file with the Court and serve on petitioner, within ninety days of the date this order is filed, an answer showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within twenty-eight days of the date the answer is filed.

3.     **Respondent may file a motion to dismiss on procedural grounds in lieu of an answer within sixty days of the date this order is filed.**  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within twenty-eight days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fourteen days of the date any opposition is filed.

4.     It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED:   September 9, 2020

SUSAN VAN KEULEN
UNITED STATES MAGISTRATE JUDGE